IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IVAN HARVEY,
    Plaintiff,

vs.                                            Case No.:  3:11cv438/MCR/EMT

OFFICER ROBINETT and
SGT. JOHNSON,
    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

        Plaintiff, a prisoner who proceeds pro se, commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983 (doc. 1).  The court ordered service of Plaintiff's fourth amended complaint (*see* docs. 25, 31), and on January 16, 2014, Defendants filed a motion to dismiss (doc. 39).  On January 21, 2014, the court directed Plaintiff to file a response to the motion within thirty (30) days (doc. 40).  Plaintiff failed to respond to the order; therefore, on February 24, 2014, the court issued an order requiring Plaintiff to show cause, within thirty (30) days, why this action should not be dismissed for failure to comply with an order of the court (doc. 41).  The time for compliance with the February 24, 2014, order elapsed, and Plaintiff failed to file a response or otherwise communicate with the court.

        On March 31, 2014, the court gave Plaintiff one final opportunity to file a response to Defendants' motion to dismiss (*see* doc. 42).  The court noted that because neither of its two prior orders pertaining to Plaintiff's response to the motion to dismiss had been returned as undeliverable, it appeared that Plaintiff had received the orders but had willfully decided not to comply with them.  The court informed Plaintiff that his failure to file a response (or to otherwise communicate with the court) on or before April 11, 2014, would result in a recommendation of dismissal of this action without prejudice on April 18, 2014, for the failure to comply with orders of the court and failure

to prosecute.[1]  The court also informed Defendants that if they had any objection to dismissal of this action without prejudice on the grounds of Plaintiff's failure to comply with court orders and failure to prosecute, they should voice such objection no later than April 17, 2014.

The time has elapsed for action by the parties as set forth in the court's March 31, 2014, order.  Neither party has responded.

Accordingly, it is respectfully **RECOMMENDED**:

That this case be **DISMISSED without prejudice** for Plaintiff's failure to comply with orders of the court and failure to prosecute.

At Pensacola, Florida, this 18th day of April 2014.


s/*Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636;** United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[1]  The court further noted that the events at issue in the case had occurred starting in June 2010.  Accordingly, if Plaintiff's claims were dismissed without prejudice prior to June 2014 the applicable four-year statute of limitations should not bar Plaintiff from timely refiling the claims, if he wished.